# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| SEAN DAVID MURPHY, | * | |
| | * | No. 11-266V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 19, 2014 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which |
| | * | respondent does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner;
Michael P. Milmore, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 12, 2014, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. On August 18, 2014, petitioner filed a motion for attorneys' fees and costs. Upon review of petitioner's motion, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended his application to request $110,809.74, an amount to which respondent does not object. The Court awards this amount.

On April 29, 2011, Sean Murphy filed a petition for compensation alleging that the influenza vaccine, which he received on October 4, 2010, caused him to suffer Guillain-Barré syndrome ("GBS"). Petitioner received compensation based upon the parties' proffer. Decision, filed Mar. 25, 2014. Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petitioner seeks a total of **$110,809.74** in attorneys' fees and costs for his counsel. Additionally, in compliance with General Order No. 9, petitioner states that he did not incur any out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $110,809.74, in the form of a check made payable to petitioner and petitioner's attorney, Nancy R. Meyers, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The parties have represented that a portion of these fees will be allocated to petitioner's previous counsel, Mr. Joseph Sarda. Ms. Meyers has agreed to distribute the appropriate amount accordingly.

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master